FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 09, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GUSTAVO ORDUNO HERNANDEZ, MARIA MAGDALENA CASTANADA ROSALES, VALENTINA ORDUNO CASTANEDA, RAFAEL ORDUNO CASTANEDA,<br><br>Plaintiffs,<br><br>vs.<br><br>TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement, in his official capacity as well as successors and assigns, KRISTI NOEM, Secretary for the U.S. Department of Homeland, in her official capacity as well as successors and assigns,<br><br>Defendants. | CASE NO: 1:25-cv-03081-RLP<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |

BEFORE THE COURT is Plaintiff Gustavo Orduno Hernandez's Motion for Temporary Restraining Order. ECF No. 4. The matter was considered without oral argument on an emergency basis. According to the motion, Mr. Hernandez is

ORDER DENYING MOTION FOR
TEMPORARY RESTRAINING ORDER ~ 1

1  currently in custody of Immigration and Customs Enforcement (ICE) in Yakima,

2  Washington, and faces imminent transfer to Tacoma, Washington and removal from

3  the United States pursuant to a removal order which is pending appeal. Mr.

4  Hernandez seeks a temporary restraining order preventing Defendants from

5  effectuating or requiring his removal from the United States while appeal of his

6  removal order is pending. For the reasons set forth below, the emergency motion for

7  a temporary restraining order, ECF No. 4, is DENIED.

## BACKGROUND

9   According to the Complaint, Mr. Hernandez, his partner, Maria Magdalena

10 Castanada Rosales, and their two children filed I-89 applications for Asylum and For

11 Withholding of Removal with the Immigration Court in Seattle, Washington. ECF

12 No. 1. On April 10, 2025, the Plaintiffs' I-589 applications were denied and they

13 were ordered removed from the United States. *Id.* Plaintiffs' May 19, 2025 appeal

14 of the removal order was accepted for review by the Board of Immigration Appeals

15 (BIA). *Id.* The appeal is currently pending. *Id.*

16  On June 4, 2025, Mr. Hernandez reported as scheduled to his local ICE center

17 in Yakima, Washington. Although Mr. Hernandez provided documentation of his

18 pending BIA appeal, according to the Complaint he was detained for processing for

19 "immediate" removal from the United States. *Id.* Ms. Rosales and the other Plaintiffs

20 were not detained. *Id.*

ORDER DENYING MOTION FOR
TEMPORARY RESTRAINING ORDER ~ 2

On the same date, the Plaintiffs filed a petition for writ of habeas corpus and for declaratory and injunctive relief. They ask the Court to assume jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 2241 and seek an order directing Defendants to show cause why the writ of habeas corpus should not be granted; a declaration that Mr. Herndandez is being unlawfully detained in violation of federal law and the Due Process Clause of the Fifth Amendment; declaration that their removal orders are not final for purposes of enforcement while their appeal is pending before the BIA; preliminary and permanent injunctive relief enjoining the Defendants from removing the Plaintiffs from the United States while their BIA appeal is pending; and reasonable attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

Mr. Hernandez now requests an emergency temporary restraining order preventing Defendants from removing him from the United States while his removal order appeal is pending before the BIA. ECF No. 4.

## LEGAL STANDARD

"The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

ORDER DENYING MOTION FOR
TEMPORARY RESTRAINING ORDER ~ 3

The purpose of a temporary restraining order is to preserve the status quo and prevent irreparable harm until a hearing may be held on the propriety of a preliminary injunction. *Reno Air Racing Assoc., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006). The standard for issuing a temporary restraining order is the same as the standard for issuing a preliminary injunction. *See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977). A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

The proper legal standard for preliminary injunctive relief requires a party to demonstrate: (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). These four factors apply whenever a preliminary injunction is sought. *Winter*, 555 U.S. at 20; *see All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) ("a showing on all four prongs" is required).

## ANALYSIS

Mr. Hernandez contends all four factors are present and support granting of a temporary restraining order. ECF No. 4. Defendants argue there is no risk of irreparable harm and therefore the TRO should not be granted. ECF No. 10 at 4.

ORDER DENYING MOTION FOR
TEMPORARY RESTRAINING ORDER ~ 4

Mr. Hernandez contends he faces irreparable harm through deprivation of constitutional rights and "immediate, unlawful, deportation." ECF No. 4 at 5. He argues he is entitled to due process in the form of BIA review of his appeal of his removal order. According to Mr. Hernandez, unlawful removal would violate his due process rights, which is an immediate, irreparable injury. *Id.* Additionally, Ms. Rosales alleges immediate and irreparable harm will occur to the family emotionally and financially. ECF No. 6 at 8.

In response, the Government contends there is no immediate risk of irreparable harm because Defendants have notified Plaintiffs that "they will provide the exact relief that the motion for TRO requests." ECF No. 10 at 2. Attached to the Government's response is the Declaration of Chris Hubbard, a deportation officer employed by the United States Immigration and Customs Enforcement, Office of Enforcement and Removal Operations (ERO), at the Northwest ICE Processing Center in Tacoma, Washington. ECF No. 10-1. Mr. Hubbard indicates that he is familiar with Mr. Hernandez's case and that after Mr. Hernandez was detained on June 4, 2025, he was transferred to the ICE processing center in Tacoma on the same day. *Id.* Mr. Hubbard asserts that "ERO will not remove [Mr. Hernandez] while the appeal with the Board is pending." *Id.* at 2. Mr. Hubbard further states that Mr. Hernandez would only be removed if he exhausts his remedies and does not obtain relief. *Id.* According to the government, because Mr. Hernandez does not face an

ORDER DENYING MOTION FOR
TEMPORARY RESTRAINING ORDER ~ 5

immediate risk of removal, he is not facing the type of irreparable injury required for an emergency temporary restraining order.

The Court concludes that based on Mr. Hubbard's Declaration, there is no risk of irreparable harm from violation of due process in the form of deportation while Mr. Hernandez's BIA appeal of his removal order is pending. Mr. Hernandez contends this "does not provide the necessary legal assurance to render the Motion for TRO moot." ECF No. 9 at 4. However, the Court notes that Mr. Hernandez's attorney's Amended Certificate in support of filing the TRO indicates that counsel for ICE also confirmed that Mr. Hernandez would not be removed while his appeal was pending. ECF No. 9 at 3. As to any alleged irreparable harm caused by Mr. Hernandez's detention, the matter of his detention is not before this Court on this motion for emergency TRO. *See* ECF No. 4. Accordingly,

IT IS ORDERED that Mr. Hernandez's Motion for Temporary Restraining Order, ECF No. 4, is DENIED.

**IT IS SO ORDERED.** The District Court Executive shall enter this order and provide copies to counsel.

**DATED** June 9, 2025.

REBECCA L. PENNELL
United States District Judge